**No. 24-1725**

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

E.R.,

Plaintiff–Appellant,

v.

Beaufort County School District,

Defendant–Appellee.

---

On Appeal from the United States District Court
for the District of South Carolina
Case No. 9:22-cv-04482
The Honorable David C. Norton

---

## JOINT APPENDIX

---

Sean Ouellette
Shelby Leighton
Adele P. Kimmel
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
souellette@publicjustice.net

Joshua Slavin
THE LAW OFFICES OF
JOSHUA E. SLAVIN
PO Box 762
Mount Pleasant, SC
(843) 619-7338
josh@attorneycarolina.com

***Counsel for Appellant***

Stephen Lynwood Brown
Duke Highfield
Russell Hines
Graydon Olive
CLEMENT RIVERS, LLP
PO Box 993
Charlestown, SC 29402
(843) 720-5488
sbrown@ycrlaw.com

***Counsel for Appellee***

# JOINT APPENDIX

## TABLE OF CONTENTS

Docket Sheet ................................................................................JA001

Amended Complaint (ECF No. 1-1) ...........................................JA005

Decision on the Motion to Dismiss (ECF No. 32)......................JA015

Judgment (ECF No. 33) ..............................................................JA027

Notice of Appeal (ECF No. 34) ..................................................JA028

APPEAL,CLOSED,JURY

# U.S. District Court
## District of South Carolina (Beaufort)
## CIVIL DOCKET FOR CASE #: 9:22-cv-04482-DCN

E.R. v. Beaufort County School District
Assigned to: Honorable David C Norton
Case in other court: Beaufort County Court of Common Pleas,
                     2022CP0702157
Cause: 28:1332 Diversity-Account Receivable

Date Filed: 12/12/2022
Date Terminated: 07/09/2024
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**E.R.**                                       represented by   **Joshua Slavin**
The Law Offices of Joshua E Slavin
PO Box 762
Mount Pleasant, SC 29465
843-619-7338
Fax: 888-246-8914
Email: josh@attorneycarolina.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Beaufort County School District**       represented by   **Chelsea Nicole Frye**
Clement Rivers (Cha)
25 Calhoun Street
Suite 400
Charleston, SC 29401
843-720-5403
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Duke Raleigh Highfield**
Clement Rivers (Cha)
PO Box 993
Charleston, SC 29402
843-577-4000
Fax: 843-579-1330
Email: dhighfield@ycrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Leigh Anderson**
Clement Rivers (Cha)
PO Box 993
Charleston, SC 29402

843-577-4000
Fax: 843-579-1335
Email: tanderson@ycrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2022 | 1 | NOTICE OF REMOVAL from Beaufort Court of Common Pleas, case number 2022CP0702157. (Filing fee $ 402 receipt number BSCDC-10843274), filed by Beaufort County School District. (Attachments: # 1 State Court Documents)(hcor, ) (Entered: 12/14/2022) |
| 12/12/2022 | 3 | ANSWER to Amended Complaint (Notice of Removal) by Beaufort County School District. (hcor, ) (Entered: 12/14/2022) |
| 12/12/2022 | 4 | Local Rule 26.01 Answers to Interrogatories by Beaufort County School District.(hcor, ) (Entered: 12/14/2022) |
| 12/14/2022 | 5 | Local Rule 26.01 Answers to Interrogatories by E.R..(Slavin, Joshua) (Entered: 12/14/2022) |
| 01/06/2023 | 6 | **SCHEDULING ORDER: Rule 26(f) Conference Deadline 2/9/2023, 26(a) Initial Disclosures due by 3/13/2023, Rule 26 Report due by 3/13/2023, Motions to Amend Pleadings due by 4/10/2023, Plaintiffs ID of Expert Witness due by 5/18/2023, Defendants ID of Expert Witnesses Due by 6/20/2023, Discovery due by 10/11/2023, Motions in Limine due at least three weeks prior to jury selection, Motions due by 11/16/2023, Jury Selection Deadline 12/1/2023, ADR Statement due by 10/30/2023, Mediation Due by 11/30/2023, Signed by Honorable David C Norton on 1/6/2023. (eric, )** (Entered: 01/06/2023) |
| 02/10/2023 | 7 | Joint Rule 26(f) Report by Beaufort County School District.(Highfield, Duke) (Entered: 02/10/2023) |
| 02/10/2023 | 8 | Local Rule 26.03 Answers to Interrogatories by Beaufort County School District. (Highfield, Duke) (Entered: 02/10/2023) |
| 02/10/2023 | 9 | Rule 26 Outline of Discovery Plan by Beaufort County School District.(Highfield, Duke) (Entered: 02/10/2023) |
| 02/14/2023 | 10 | **AMENDED SCHEDULING ORDER Rule 26 Report due by 3/13/2023, Motions to Amend Pleadings due by 4/10/2023, Plaintiffs ID of Expert Witness due by 8/18/2023, Defendants ID of Expert Witnesses Due by 9/20/2023, Discovery due by 1/13/2024, Motions due by 2/18/2024, Jury Selection Deadline 3/18/2024, Mediation Due by 3/1/2024. Signed by Honorable David C Norton on 02/14/2023. (hcor, )** (Entered: 02/14/2023) |
| 02/14/2023 | 11 | Local Rule 26.03 Answers to Interrogatories by E.R..(Slavin, Joshua) (Entered: 02/14/2023) |
| 02/14/2023 | 12 | Rule 26(f) Report by E.R..(Slavin, Joshua) (Entered: 02/14/2023) |
| 03/21/2023 | 13 | MOTION for Discovery by Beaufort County School District. Response to Motion due by 4/4/2023. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Discovery, # 3 Exhibit e-mail, # 4 Exhibit Discovery, # 5 Exhibit correspondence)No proposed order.(Highfield, Duke) (Entered: 03/21/2023) |

| | | |
|---|---|---|
| 03/27/2023 | 14 | RESPONSE in Opposition re 13 MOTION for Discovery Response filed by E.R..Reply to Response to Motion due by 4/3/2023 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. (Slavin, Joshua) (Entered: 03/27/2023) |
| 04/04/2023 | 15 | RESPONSE in Support re 13 MOTION for Discovery Response filed by Beaufort County School District. (Highfield, Duke) (Entered: 04/04/2023) |
| 04/06/2023 | 16 | NOTICE of Hearing on Motion 13 MOTION for Discovery : Motion Hearing set for 6/27/2023 11:00 AM in Hon. Sol Blatt, Jr., Courtroom, J. Waties Waring Judicial Cntr, 83 Meeting St, Charleston before Honorable David C Norton. (hcor, ) (Entered: 04/06/2023) |
| 04/27/2023 | 17 | NOTICE OF RESCHEDULED HEARING Motion Hearing set for 6/27/2023 11:00 AM cancelled and rescheduled to: Motion Hearing set for 5/19/2023 11:00 AM in Hon. Sol Blatt, Jr., Courtroom, J. Waties Waring Judicial Cntr, 83 Meeting St, Charleston before Honorable David C Norton. (hcor, ) (Entered: 04/27/2023) |
| 05/19/2023 | 18 | **Minute Entry. Proceedings held before Honorable David C Norton: Motion Hearing held on 5/19/2023 re 13 MOTION for Discovery filed by Beaufort County School District. The Court will issue an order. Court Reporter Karen Martin. (ccau, )** (Entered: 05/19/2023) |
| 05/19/2023 | 19 | **TEXT ORDER granting request for E.R. to proceed under pseudonym. The parties consented at the hearing on May 19, 2023. Additionally, the court finds that the factors under James v. Jacobson, 6 F.3d 233 (4th Cir. 1993) are met and allow for an exception to Fed. R. Civ. P. 10(a). Signed by Honorable David C Norton on May 19, 2023. (acho, )** (Entered: 05/19/2023) |
| 05/23/2023 | 20 | **ORDER granting in part and denying in part 13 Motion for Discovery. Signed by Honorable David C Norton on May 23, 2023. (acho, )** (Entered: 05/23/2023) |
| 08/18/2023 | 21 | *Rule 26(a)(2) Expert Disclosures* Rule 26 Outline of Discovery Plan by E.R..(Slavin, Joshua) (Entered: 08/18/2023) |
| 09/20/2023 | 22 | DEFENDANT'S ID OF EXPERT WITNESSES by Beaufort County School District. (Highfield, Duke) (Entered: 09/20/2023) |
| 11/28/2023 | 23 | Joint MOTION for Extension of Time by Beaufort County School District. Response to Motion due by 12/12/2023. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Proposed order is being emailed to chambers with copy to opposing counsel.(Highfield, Duke) (Entered: 11/28/2023) |
| 11/30/2023 | 24 | **SECOND AMENDED SCHEDULING ORDER Discovery due by 5/15/2024, Motions due by 6/17/2024, Jury Selection Deadline 8/15/2024, Mediation Due by 7/15/2024. (Motions terminated: 23 Joint MOTION for Extension of Time filed by Beaufort County School District). Signed by Honorable David C Norton on 11/30/2023. (hcor, )** (Entered: 11/30/2023) |
| 04/09/2024 | 25 | Consent MOTION for Extension of Time by Beaufort County School District. Response to Motion due by 4/23/2024. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (Attachments: # 1 Exhibit amended scheduling order)Proposed order is being emailed to chambers with copy to opposing counsel.(Highfield, Duke) (Entered: 04/09/2024) |
| 04/10/2024 | 26 | **AMENDED SCHEDULING ORDER Discovery due by 9/12/2024, Motions in Limine must be filed at least three weeks prior to jury selection, Motions due by 10/15/2024, Jury Selection Deadline 12/13/2024, Mediation Due by 11/12/2024. (Motions terminated: 25 Consent MOTION for Extension of Time filed by Beaufort County** |

| | | |
|---|---|---|
| | | **School District ). Signed by Honorable David C Norton on 04/10/2024. (hcor, )** (Entered: 04/10/2024) |
| 04/26/2024 | 27 | MOTION to Dismiss by Beaufort County School District. Response to Motion due by 5/13/2024. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Responses to RFAs, # 3 Exhibit 16-17 academic calendar, # 4 Exhibit 17-18 academic calendar, # 5 Exhibit Summons and Complaint, # 6 Exhibit Placeholder for In camera exhibit F)No proposed order.(Highfield, Duke) (Additional attachment(s) added on 4/29/2024: # 7 Memo in Support) (cper, ). Modified on 4/29/2024 to attach Memo in Support as provided by Filing User.(cper, ). (Entered: 04/26/2024) |
| 05/13/2024 | 28 | RESPONSE in Opposition re 27 MOTION to Dismiss Response filed by E.R..Reply to Response to Motion due by 5/20/2024 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. (Slavin, Joshua) (Entered: 05/13/2024) |
| 05/15/2024 | 29 | NOTICE of Hearing on Motion 27 MOTION to Dismiss : Motion Hearing set for 6/26/2024 11:00 AM in Hon. Sol Blatt, Jr., Courtroom, J. Waties Waring Judicial Cntr, 83 Meeting St, Charleston before Honorable David C Norton. (hcor, ) (Entered: 05/15/2024) |
| 05/20/2024 | 30 | REPLY to Response to Motion re 27 MOTION to Dismiss Response filed by Beaufort County School District. (Highfield, Duke) (Entered: 05/20/2024) |
| 06/26/2024 | 31 | **Minute Entry. Proceedings held before Honorable David C Norton: Motion Hearing held on 6/26/2024 re 27 MOTION to Dismiss filed by Beaufort County School District. The Court will issue an order. Court Reporter Lisa Smith. (ccau, )** (Entered: 06/26/2024) |
| 07/08/2024 | 32 | **ORDER granting 27 Motion to Dismiss. Signed by Honorable David C Norton on July 8, 2024. (juwh,)** (Entered: 07/08/2024) |
| 07/09/2024 | 33 | JUDGMENT : Plaintiff, E.R., shall take nothing of Defendant, Beaufort County School District, as to the complaint filedpursuant to 28 U.S.C. § 1332 and this action is dismissed. (hcor, ) (Entered: 07/09/2024) |
| 08/02/2024 | 34 | NOTICE OF APPEAL as to 33 Judgment, 32 Order on Motion to Dismiss by E.R.. - Filing fee $ 605, receipt number ASCDC-11913868. The Docketing Statement form, Transcript Order form and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov (Slavin, Joshua) (Entered: 08/02/2024) |
| 08/05/2024 | 35 | Transmittal Sheet for Notice of Appeal to USCA re 34 Notice of Appeal, The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (hcor, ) (Entered: 08/05/2024) |
| 10/25/2024 | 36 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings. Motions Hearing for dates of June 26, 2024, before Judge David C. Norton, re 34 Notice of Appeal, Court Reporter/Transcriber Lisa D. Smith, Telephone number/e-mail lisa_smith@scd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 7 calendar days from the filing of the transcript to file with the court a Notice of Intent to Request Redaction. *Does this satisfy all appellate orders for this reporter? Y*<br><br>Redaction Request due 11/15/2024. Redacted Transcript Deadline set for 11/25/2024. Release of Transcript Restriction set for 1/23/2025. (lsmi, ) (Entered: 10/25/2024) |

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT<br><br>**E.R.,**<br><br>               **Plaintiff,**<br>v.<br><br>**BEAUFORT COUNTY SCHOOL<br>DISTRICT,**<br><br>          **Defendant.** | IN THE COURT OF COMMON PLEAS FOR<br>THE FOURTEENTH JUDICIAL CIRCUIT<br><br>CASE NO: 2022-CP-07-02157<br><br>**FIRST AMENDED COMPLAINT**<br><br>Jury Trial Requested |

Plaintiff E.R., by and through undersigned counsel, pursuant to Rule 15(a), SCRCP, as a matter of course files this Amended Complaint against Defendant Beaufort County School District (hereinafter "the School District" or "BCSD").

## JURISDICTION AND VENUE

1. Plaintiff E.R. is currently citizen and resident of Florida. At all times relevant to this matter, she was a citizen and resident of Beaufort County, South Carolina and student enrolled at BCSD. Plaintiff is identified pseudonymously due to the very sensitive nature of the facts alleged herein, which involve sexual assault and rape of Plaintiff when she was a minor.

2. Defendant BCSD is a public educational institution located in Beaufort County, South Carolina.

3. Jurisdiction and venue are appropriate in this Court because Defendant is located in Beaufort County and the most substantial part of the events giving rise to this matter occurred in Beaufort County.

## FACTS

4. At all material times, the School District was a recipient of federal funding, as contemplated by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX").

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

5.  Plaintiff enrolled in BCSD starting in 3rd grade when her mother and father accepted positions working for the School District.

6.  At the times of the incidents complained of herein, Plaintiff was a high school student at BCSD, first at Bluffton High School, then in Medical Homebound instruction, and ultimately at Hilton Head Island High School.

7.  At all times relevant hereto, Plaintiff was a gifted, talented, and well-behaved student at BCSD. Despite the adversity described herein, she was able to graduate ranked 10 out of 243 in her class. She is currently enrolled in college.

8.  Plaintiff's father formerly was an administrator within BCSD. Plaintiff's mother was a teacher within BCSD.

9.  Beginning around 2015, when she was fourteen years old, Plaintiff was victimized by four different male students in her high school. The incidents ranged from forced fellatio to vaginal and anal rape and occurred over the course of approximately two years.

### *Male 1 Sexual Assault*

10. During the 2016-17 school year, Plaintiff was a freshman at Bluffton High School.

11. "Male 1" was a sophomore at Bluffton High School on the track team.

12. Male 1 forced Plaintiff to perform fellatio on him.

13. Plaintiff disclosed this incident to the guidance counselor who was also her volleyball coach.

14. The guidance counselor/coach was required by law to make a report of the sexual abuse to an appropriate law enforcement agency.

15. Instead of reporting Male 1's sexual assault on Plaintiff, the guidance counselor/coach told Plaintiff to stay away from Male 1.

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

16. Word of the incident spread around school, resulting in bullying, harassment, and sexual harassment of Plaintiff by other students.

17. Plaintiff's mother addressed the bullying, harassment, and sexual harassment of Plaintiff with agents and employees of the School District.

18. The School District took no action to address the bullying, harassment, and sexual harassment of Plaintiff.

19. Upon information and belief, the only action taken by an employee or agent of BCSD toward Male 1 was for someone to tell him "don't do it again."

20. A few months later, Male 1 sexually assaulted a special needs student at school and was suspended.

*Male 2 Sexual Assault*

21. During the 2016-17 school year Plaintiff was sexually assaulted by Male 2.

22. "Male 2" was 18 years old at the time. Plaintiff was 14 years old.

23. Male 2 sexually assaulted Plaintiff outside of school.

24. Again, word of the sexual assault spread around school and Plaintiff was subjected to bullying, harassment, and sexual harassment by other students.

25. In retaliation for Plaintiff complaining of the sexual assault, Male 2 physically assaulted Plaintiff at school by putting her in a headlock and dragging her.

26. Plaintiff's mother and Plaintiff reported the assault to the School Resource Officer, who was able to observe the assault on school surveillance video.

27. No action was taken against Male 2.

28. Plaintiff's mother and Plaintiff reported the bullying, harassment, and sexual harassment by other students to agents or employees of BCSD.

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

29. No action was taken in response.

*Male 3 Rapes*

30. In or around August 2017, Plaintiff was starting or had just started her sophomore year at Bluffton High School. She was 15 years old.

31. "Male 3" was a 19 year old senior, having been held back, and was a star football player at Bluffton High School.

32. Male 3 raped Plaintiff on two occasions in August 2017. The first time was vaginally, causing Plaintiff to bleed. The second was anally, resulting in Plaintiff passing out.

33. Male 3 was in a relationship with a senior girl, "Female 1" at the time.

34. Female 1 and her friends retaliated against Plaintiff by bullying, harassing, sexually harassing, and physically assaulting her at school. They learned Plaintiff's schedule and would target her in the hallways between classes.

35. Plaintiff and Plaintiff's mother went to the school to report the rape by Male 3 and the conduct of Female 1 and her friends.

36. An agent or employee of BCSD told Plaintiff not to report the rape by Male 3 because it would result in him losing his football scholarship.

37. Plaintiff's mother reported the rape to local police. However, based on the horrific guidance of BCSD's employee or agent, Plaintiff refused to provide a statement.

38. BCSD failed to take any action against Male 3 or Female 1 and her friends.

39. BCSD did not offer therapy at school to Plaintiff.

40. Plaintiff was diagnosed with PTSD and Major Depressive Disorder by a psychologist and psychiatrist.

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

41. Plaintiff began to suffer academically and otherwise at school as a result of the ongoing bullying that now involved physical assaults as well.

42. On August 31, 2017 Plaintiff's parents requested a "504 Meeting" to put in place a "504 Plan" for Plaintiff.

43. BCSD did not grant the request for a 504 meeting until October 9, 2017.

44. A 504 Plan allowing certain academic accommodations was put in place.

45. The 504 Plan was not honored or followed by agents and employees of BCSD.

46. Due to the ongoing bullying, harassment, sexual harassment, physical assaults, and nonobservance of the 504 Plan, and based on her doctor's recommendation, Plaintiffs parents took Plaintiff out of school to finish the Fall 2017 semester with Medical Homebound Instruction.

47. BCSD failed to deliver math instruction during much or all of Plaintiff's Medical Homebound Instruction.

48. Plaintiff ultimately transferred school to Hilton Head Island High School.

49. As a result of BCSD's clearly unreasonable response to the bullying, harassment, sexual harassment, and physical abuse stemming from the sexual assaults and rapes on Plaintiff, Plaintiff sustained substantial emotional, psychological, and physical damages and interference with her education.

50. Prior to filing suit, Plaintiff requested from BCSD a copy of her complete school records, including all reports, notes, meeting notes, correspondence about Plaintiff, etc. pursuant to the Family Education Rights and Privacy Act. The records produced by BCSD have zero documentation of any response by BCSD to the above-described incidents other than a single mention of Plaintiff being "assaulted last year" in the 504 Meeting Minutes.

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP070702157

## FIRST CAUSE OF ACTION: VIOLATION OF TITLE IX

51. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

52. Plaintiff was sexually assaulted at the hands of one or more students of BCSD.

53. Other students at BCSD learned of the sexual assault(s) and bullied, harassed, and sexually harassed Plaintiff about them.

54. Plaintiff and her parent(s) reported the sexual assault(s) and bullying, harassment, and sexual harassment to BCSD administrators and employees.

55. BCSD had actual knowledge that Plaintiff was the victim of sexual assault(s) and bullying, harassment, and sexual harassment by BCSD students.

56. BCSD was obligated to address these reports because student-on-student sexual assault, and bullying, harassment, and sexual harassment about a sexual assault are all forms of sex discrimination prohibited by Title IX.

57. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it created a hostile educational environment for Plaintiff and deprived her of access to educational opportunities or benefits provided by the school.

58. Individuals with actual knowledge of the sexual assault(s) and the related bullying, harassment, and sexual harassment had the authority, ability, and responsibility to investigate and take corrective action to address them.

59. BCSD had substantial control over the student(s) who sexually assaulted Plaintiff.

60. BCSD's disciplinary actions, or lack thereof, against the student(s) who sexually assaulted Plaintiff were clearly unreasonable in light of the known circumstances.1

61. By its acts and omissions, BCSD was deliberately indifferent to what Plaintiff endured and created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX in at least the following ways:

 a. Failing to timely respond to the sexual assault(s) of Plaintiff by students of BCSD;

 b. Failing to adequately investigate the sexual assault(s) of Plaintiff by students of BCSD;

 c. Failing to take adequately address the student(s) of BCSD who sexually assaulted Plaintiff;

 d. Failing to timely respond to the bullying, harassment, sexual harassment, and physical assaults of Plaintiff at school;

 e. Failing to adequately investigate the bullying, harassment, sexual harassment, and physical assaults of Plaintiff at school;

 f. Failing to take adequately address the student(s) who bullied, harassed, sexually harassed, and physically assaulted Plaintiff at school.

 g. Failing to not offer counseling or therapy to Plaintiff after learning of the sexual assault(s) and bullying, harassment, sexual harassment, and physical assaults that stemmed from the sexual assaults;

 h. Failing to protect Plaintiff from ongoing bullying, harassment, sexual harassment, and physical assaults at school;

 i. Telling Plaintiff not to report Male 3 to police because he would lose his scholarship;

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

    j.   Delaying and temporarily denying Plaintiff's school transfer application without proper reason despite the ongoing torment she was enduring at Bluffton High School;

    k.   And in such other ways as will be shown by the evidence adduced in discovery and at trial.

62. Plaintiff suffered damages, including interference with her educational opportunities, as a direct and proximate result of BCSD's violations of her rights under Title IX.

**SECOND CAUSE OF ACTION: NEGLIGENCE/GROSS NEGLIGENCE**

63. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

64. The School District owed a duty to Plaintiff to protect her from the bullying, harassment, sexual harassment, and physical assaults described above while she was at school.

65. The School District owed a duty to Plaintiff to properly and reasonably respond to the bullying, harassment, sexual harassment, and physical assaults described above.

66. The School District owed a duty to Plaintiff to respond to the bullying, harassment, sexual harassment, and physical assaults described above in a way that would not cause further emotional, psychological, or physical harm to Plaintiff.

67. The School District was negligent, grossly negligent, willful, or wanton in at least the following ways:

    a.   Failing to enact rules, policies, or procedures regarding bullying, harassment, sexual harassment, and physical assaults'

    b.   Failing to follow its own rules, policies, or procedures regarding bullying, harassment, sexual harassment, and physical assaults;

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

c.  Failing to train its employees on its own rules, policies, or procedures regarding bullying, harassment, sexual harassment, and physical assaults;

d.  Failing to adequately investigate the sexual assault(s) of Plaintiff by students of BCSD;

e.  Failing to take adequately address the student(s) of BCSD who sexually assaulted Plaintiff;

f.  Failing to timely respond to the bullying, harassment, sexual harassment, and physical assaults of Plaintiff at school;

g.  Failing to adequately investigate the bullying, harassment, sexual harassment, and physical assaults of Plaintiff at school;

h.  Failing to take adequately address the student(s) who bullied, harassed, sexually harassed, and physically assaulted Plaintiff at school.

i.  Failing to not offer counseling or therapy to Plaintiff after learning of the sexual assault(s) and bullying, harassment, sexual harassment, and physical assaults that stemmed from the sexual assaults;

j.  Failing to protect Plaintiff from ongoing bullying, harassment, sexual harassment, and physical assaults at school;

k.  Telling Plaintiff not to report Male 3 to police because he would lose his scholarship;

l.  Denying Plaintiff's school transfer applications despite the ongoing torment she was enduring at Bluffton High School;

m.  And in such other ways as will be shown by the evidence adduced in discovery and at trial.

68. As a direct and proximate result of the above-referenced acts of the School District, Plaintiff required mental, emotional, and psychological treatment, suffered and continues to suffer lasting mental and emotional harm that has caused, and in the future will cause, one or more of the following damages:

    a.   Physical pain and suffering;

    b.   Mental anguish;

    c.   Emotional distress;

    d.   Impairment of health and bodily efficiency;

    e.   Loss of sleep;

    f.   Inability to concentrate;

    g.   Lost educational opportunities

    h.   Substantial expense for medical, psychological, and mental therapy services;

    i.   Future mental health care;

    j.   And any and all other damages provable at the trial of this case.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages, punitive damages, attorneys' fees, costs of this action, and such other and further relief as the court and jury shall deem just and proper.

The Law Offices of Joshua E. Slavin, LLC

/s/ Joshua Slavin
PO Box 762, Mount Pleasant, SC 29465
Phone: 843-619-7338; Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912
Attorney for the Plaintiff

November 17, 2022
Mount Pleasant, SC

ELECTRONICALLY FILED - 2022 Nov 17 2:01 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0702157

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| E.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:22-cv-04482-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| BEAUFORT COUNTY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The following matter is before the court on defendant Beaufort County School District's (the "District") motion to dismiss, ECF No. 27. For the reasons set forth below, the court grants the motion and dismisses the complaint.

## I. BACKGROUND

This case arises from alleged sexual assaults—ranging from forced fellatio to vaginal and anal rape—perpetrated by four different male students against E.R. beginning around 2015 while she was a minor. ECF No. 1-1, Amend. Compl. ¶ 9. After each incident, E.R., alone or with her mother, reported the incidents to Bluffton High School's (the "school") administrators, guidance counselors, and coaches, who took no action. See id. ¶¶ 10–48. Word of the sexual assaults spread after each incident, and E.R. was subjected to bullying, harassment, and sexual harassment by other students. Id. ¶¶ 16, 24, 34. As a result of these incidents, E.R. was required to seek Homebound Instruction, but her school failed to provide adequate math instruction, resulting in E.R.'s ultimate transfer to Hilton Head Island High School. Id. ¶¶ 44–46. This lawsuit followed.

On November 4, 2022, E.R. filed a complaint in the Beaufort County Court of Common Pleas for Beaufort County. E.R. v. Beaufort Cnty. Sch. Dist., No. 2022-CP-07-

02157 (Beaufort Cnty. Ct. C.P. Nov. 4, 2022). On November 17, 2022, E.R. filed an

amended complaint to bring two claims: (1) violation of Title IX of the Education

Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681; and (2) negligence/gross

negligence. ECF No. 1-1, Amend. Compl. On December 12, 2022, the District removed

this case from state court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

ECF No. 1. On April 26, 2024, the District filed a motion to dismiss. ECF No. 27. On

May 13, 2024, E.R. responded in opposition, ECF No. 28, to which the District replied on

May 20, 2024, ECF No. 30. On June 26, 2024, the court held a hearing on the motion to

dismiss. ECF No. 31. As such, this motion has been fully briefed and is now ripe for

review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be

granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule

12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses."). To be legally sufficient, a pleading must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When

considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

The District argues that both of E.R.'s claims are barred by South Carolina's two-

year statute of limitations for personal injury claims pursuant to the South Carolina Tort

Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-110.  ECF No. 27-7 at 6–13.  In

response, E.R. concedes that her negligence and gross negligence claims are barred by

SCTCA's two-year statute of limitations.  ECF No. 28 at 2.  The court agrees with the

parties' assessment of this claim and dismisses E.R.'s second cause of action for

negligence/gross negligence accordingly.  See S.C. Code Ann. § 15-78-110.  This leaves

her Title IX claim.

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be

excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any education program or activity receiving Federal financial

assistance."[1]  20 U.S.C. § 1681(a).

---

[1] There is no dispute that the District is a recipient of federal education funding
for Title IX purposes.  Additionally, the Supreme Court has held that "recipients of
federal funding may be liable for 'subject[ing]' their students to discrimination where the
recipient is deliberately indifferent to known acts of student-on-student sexual harassment
and the harasser is under the school's disciplinary authority."  Davis Next Friend

Title IX does not contain a limitations period for bringing an action.  Martin v. Clemson Univ., 654 F. Supp. 2d 410, 429 (D.S.C. 2009). "When this occurs, the Supreme Court has 'generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.'"  Isioye v. Coastal Carolina Univ., 2018 WL 6682795, at *3 (D.S.C. Nov. 30, 2018) (quoting Reed v. United Transp. Union, 488 U.S. 319, 323–24 (1989)), report and recommendation adopted, 2018 WL 6676296 (D.S.C. Dec. 19, 2018).  The Fourth Circuit has concluded that Title IX borrows the relevant state's statute of limitations for personal injury.  Reid v. James Madison Univ., 90 F.4th 311, 319 (4th Cir. 2024); Wilmink v. Kanawha Cnty. Bd. of Educ., 214 F. App'x 294, 296 n.3 (4th Cir. 2007).  The parties in this case dispute which statute of limitations is the most closely analogous statute of limitations under state law.

District courts in the Fourth Circuit have taken varied approaches when determining which state statute of limitations applies to a particular Title IX case, and the courts "tend to draw factual distinctions where appropriate."  Mooberry v. Charleston S. Univ., 2022 WL 123005, at *5 (D.S.C. Jan. 13, 2022); compare id. (observing that the facts underlying the plaintiff's Title IX claim are based on her employment with the defendant and applying the statute of limitations period found in the South Carolina Human Affairs Law); with Isioye, 2018 WL 6682795, at *4 (applying South Carolina's personal injury statute of limitations to Title IX claim factually predicated on student relationship and sexual misconduct allegations).  In other words, "[o]ther cases

_____

LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 646–47 (1999) (alteration in original).  To recover on a deliberate-indifference theory, a plaintiff must show, inter alia, that the student-on-student harassment is "so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school."  Id. at 650.

4

presenting different allegations and different records may lead to different conclusions."
Twitter, Inc. v. Taamneh, 598 U.S. 471, 507 (2023) (Jackson, J., concurring).
Consequently, the facts of this case are material in evaluating which statute of limitations
applies to the Title IX action.

E.R. alleges that various other students sexually assaulted her and that the school
administration did nothing when she reported the assaults to them—thus, she brings the
Title IX claim based on the school's inaction.  See Amend. Compl. ¶¶ 10–48.  The school
at issue is a South Carolina public high school and E.R. sues Beaufort County School
District in its stead.  Id. ¶¶ 44–46.  She does not allege that any employee or agent of the
District committed or facilitated the sexual abuse; rather, she alleges that teachers at the
high school failed to report the sexual abuse to an appropriate law enforcement agency
and failed to address the bullying, harassment, and additional sexual harassment of E.R.
See id. ¶¶ 10–48; id. ¶ 52 ("Plaintiff was sexually assaulted at the hands of one or more
students of [the District].").  Her Title IX claim against the District is for, inter alia, its
failures to "timely respond," "adequately investigate," "adequately address," "offer
counseling or therapy to [E.R.]," and "protect [E.R.]."  Id. ¶ 61.

On the one hand, the District maintains that E.R.'s Title IX claim, like her
negligence claim, is barred by the SCTCA's two-year statute of limitations.  ECF No. 27-
7 at 10.  On the other hand, E.R. posits that it is either governed by the statute of
limitations in (1) Section 15-3-555 of the South Carolina Code, which permits an action
for damages from an injuring arising out of an act of sexual abuse to be brought by age
twenty-seven or within three years of discovery of the causal relationship between the
injury and the sexual abuse; or (2) Section 15-3-530(5) of the South Carolina Code,

5

which establishes a three-year statute of limitations for assault, battery, or personal injuries.[2]  ECF No. 28 at 2–3.  The court ultimately agrees with the District that E.R.'s Title IX claim is barred by the SCTCA's statute of limitations.  The court begins by evaluating the statute of limitations imposed by S.C. Code Ann. Section 15-3-555, before turning to that imposed by S.C. Code Ann. Section 15-3-530(5), and finally considering the statute of limitations imposed by the SCTCA.

### A.  S.C. Code Ann. § 15-3-555

E.R. argues that the most analogous statute of limitations in South Carolina to her Title IX action is Section 15-3-555, which permits an action for damages from an injury arising out of an act of sexual abuse to be brought by age twenty-seven or within three years of discovery of the causal relationship between the injury and the sexual abuse. ECF No. 28 at 2–3.  The South Carolina Court of Appeals squarely addressed this argument in <u>Doe v. City of Duncan</u>, where the plaintiff brought a claim of negligent supervision against the city based on allegations that the plaintiff was sexually abused while participating in activities sponsored by the city's fire department.  789 S.E.2d 602, 604–05 (S.C. Ct. App. 2016).  It noted that since the plaintiff's suit was against the city and the sole cause of action alleges negligence by the fire chief and other fire department

---

[2] E.R.'s allegations of misconduct and sexual assault occurred on various occasions between 2015 and 2017.  <u>See</u> Amend. Compl. ¶¶ 9–48.  Consequently, the earliest date on which E.R. knew or should have known she had a claim is sometime in 2015, and the latest date was at the end of the fall semester in 2017.  <u>See id.</u> ¶¶ 9, 43–48. At that time, E.R. was a minor, and therefore the statute of limitations was tolled until she reached her age of majority.  <u>See</u> S.C. Code Ann. § 15-3-40.  She reached her age of majority on November 7, 2019.  ECF No. 28 at 2.  She filed this lawsuit almost three years later November 4, 2022.  ECF No. 1.  At the hearing the parties agreed that if the District is correct about the application of the SCTCA's statute of limitations, E.R.'s claim is barred and must be dismissed; but if E.R. is correct, her claim is timely filed, and the court must deny the motion to dismiss.  ECF No. 31.

officials, the suit was controlled by the statute of limitations set forth in the SCTCA, and, therefore, the plaintiff was not entitled to the time period set forth in Section 15-3-555 of the South Carolina Code. Id. at 605–06. Similarly, E.R. alleges negligence by the District and not that the District, or any of its agents, sexually abused E.R. Amend. Compl. ¶¶ 52–56, 59–61, 64–68. Thus, Section 15-3-555 of the South Carolina Code is not the most analogous statute to provide the statute of limitations for E.R.'s Title IX claim. See Isioye, 2018 WL 6682795, at *3.

**B. S.C. Code Ann. § 15-3-530(5)**

Alternatively, E.R. argues that the court should apply the three-year general statute of limitations for personal injury in Section 15-3-530(5). ECF No. 28 at 3–4. Yet, rather arguing than in favor of the general statute of limitations for personal injury, E.R. focuses on various arguments against the applicability of the SCTCA.[3] See id. For example, she emphasizes that Section 15-78-110 of the SCTCA provides "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date of loss," and her Title IX is "self-evidently not 'brought pursuant to' the SCTCA" because it is brought pursuant to federal law. Id. at 3. She emphasizes that Title IX grants her rights and causes of action unavailable under state law—meaning, she could not bring a state-law equivalent claim—and, since her Title IX claims are not cognizable under the SCTCA, E.R. emphasizes that SCTCA cannot be the most analogous statute from which to draw the statute of limitations. Id. at 4.

---

[3] The court will address whether the SCTCA is analogous to E.R.'s Title IX claim in the subsequent section.

7

JA021

The sole argument that E.R. presents in favor of the application of the three-year general statute of limitations for personal injury is based on a Fourth Circuit decision.  Id. She identifies that the Fourth Circuit applied a three-year statute of limitations for a plaintiff's 42 U.S.C. § 1983 action but applied a two-year statute of limitations to the plaintiff's state law negligence claims.  Id. (citing Doe-2 v. Sheriff of Richland Cnty., 2023 WL 4026090, at *5 & n.4, *7 n.5 (4th Cir. June 15, 2023)).

E.R.'s reliance on Doe-2, 2023 WL 4026090, at *5 & n.4, *7 n.5, is unpersuasive because actions brought pursuant to 42 U.S.C. § 1983 must meet the statute of limitations borrowed from the state's general or residual statute for personal injury action.  Owens v. Okure, 488 U.S. 235, 250 (1989).  Unlike § 1983 claims, Title IX claims are not required to apply South Carolina's general or residual statute of limitations—rather, courts are tasked with applying the most closely analogous statute of limitations under state law. See Reid, 90 F.4th at 319; Isioye, 2018 WL 6682795, at *3.  Under state law, the SCTCA authorizes the only means of bringing torts against government entities like the District and therefore its statute of limitations should govern Title IX claims alleging what amounts to negligence by school officials.[4]  See S.C. Code Ann. § 15-78-20(b).  Thus, the court turns to the SCTCA.

---

[4] The District unequivocally rebukes E.R.'s claim that since Title IX claims are not brought pursuant to state law, the SCTCA should not apply.  ECF No. 30 at 4.  The District emphasizes that it "is not taking the position that E.R.'s Title IX claims are somehow converted to state law claims," it is simply noting that the most analogous statute under state law is the SCTCA and therefore the SCTCA should provide the statute of limitations for Title IX claims alleging this type of harm.  Id.

## C. SCTCA

Finally, the court considers whether the most analogous statute of limitations is the two-year statute of limitations imposed by the SCTCA.

The court finds that, though allegations of sexual assault underly this action, the E.R.'s Title IX cause of action is most closely analogous to the tort of negligent supervision under South Carolina law. An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control. Doe v. Bishop of Charleston, 754 S.E.2d 494, 500 (S.C. 2014) (citing Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992)). This rule has been applied to find a school liable when the school was grossly negligent in its supervision of its students, which resulted in student-on-student sexual assault. Doe v. Berkeley Cnty. Sch. Dist., 2015 WL 7722425, at *14 (D.S.C. Nov. 30, 2015); Duncan ex rel. Duncan v. Hampton Cnty. Sch. Dist. No. 2, 517 S.E.2d 449, 452 (S.C. Ct. App. 1999); Doe ex rel. Roe v. Orangeburg Cnty. Sch. Dist. No. 2, 495 S.E.2d 230, 232 (S.C. Ct. App. 1997), aff'd as modified, 518 S.E.2d 259 (S.C. 1999); Doe v. Greenville Cnty. Sch. Dist., 651 S.E.2d 305, 309 (S.C. 2007).

Additionally, "[t]he remedy provided by [the SCTCA] is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)," Flateau v. Harrelson, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003) (citing S.C. Code Ann. § 15-78-20(b)), and there is no dispute that

9

JA023

the District is a government entity within the definition of the SCTCA, <u>see</u> Amend.

Compl. ¶ 2; ECF No. 27-7 at 9; <u>see also</u> S.C. Code Ann. § 15-78-30(d)–(e).  As such, the

most analogous cause of action under state law—negligent supervision—is a tort under

South Carolina law and is therefore subject to the two-year statute of limitations under

the SCTCA.[5]  <u>See</u> <u>Isioye</u>, 2018 WL 6682795, at *3; <u>Bishop of Charleston</u>, 754 S.E.2d at

---

[5] Based on certain representations made at the hearing, the court finds it material to summarize and define the concept of sovereign immunity.  ECF No. 31.

The common law doctrine of sovereign immunity protects the State of South Carolina and its political subdivisions from suits over the tortious conduct of its employees.  <u>See</u> <u>McKenzie v. City of Florence</u>, 108 S.E.2d 825, 827–28 (S.C. 1959).  The South Carolina Supreme Court abolished the doctrine of sovereign immunity in <u>McCall v. Batson</u>, 329 S.E.2d 741 (S.C. 1985), but, in response, the South Carolina General Assembly enacted the SCTCA.  <u>Repco v. Cnty. of Georgetown</u>, 818 S.E.2d 743, 747 (S.C. 2018).  The SCTCA provides a limited waiver of sovereign immunity for certain tortious acts.  <u>Browning v. Hartvigsen</u>, 414 S.E.2d 115, 116 (S.C. 1992); <u>see</u> S.C. Code Ann. § 15-78-20(b), (c).  Under the SCTCA, "the State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages," found in the SCTCA.  S.C. Code Ann. § 15-78-40.  Consequently, the SCTCA is the exclusive remedy for plaintiffs who wish to assert common law tort claims against the State of South Carolina or any entity or employee thereof, and tort claims generally may not be brought against a government entity or employee except as provided in the statute.  <u>See</u> S.C. Code Ann. §§ 15-78-70(a), 15-78-200.

Additionally and separately from the common law doctrine of sovereign immunity is the sovereign immunity conferred by the Eleventh Amendment to the United States' Constitution.  U.S. Const. amend. XI.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  <u>Id.</u>  It guarantees that, in the ordinary course, a private party may not sue an unconsenting state (or its agencies, divisions, departments, officials, and other "arms of the state") in federal court.  <u>See</u> <u>Bd. of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001); <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 70–71 (1989); <u>Madison v. Virginia</u>, 474 F.3d 118, 129 (4th Cir. 2006).  The doctrine "does not merely constitute a defense to monetary liability or even to all types of liability; [r]ather, it provides an immunity from suit."  <u>Fed. Mar. Comm'n v. S.C. State Ports Auth.</u>, 535 U.S. 743, 766 (2002).  In other words, Eleventh Amendment immunity stands unique as a defense because it shields a state, or an arm thereof, entirely from litigation, not merely from liability.  <u>See</u> <u>id.</u>

500; S.C. Code Ann. § 15-78-110 (providing for a two-year statute of limitations). The court, therefore, finds that E.R.'s Title IX claim is subject to the most analogous statute of limitations, which is the two-year statute of limitations imposed by the SCTCA. <u>Reid</u>, 90 F.4th at 319; <u>Isioye</u>, 2018 WL 6682795, at *3. Because E.R. brought her Title IX claim almost three years after she turned eighteen years old, the court finds her claim barred by the statute of limitations. <u>See</u> <u>id.</u>

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss and **DISMISSES** the case with prejudice.

---

However, nothing prevents a state from choosing to waive its immunity. <u>See</u> <u>Sossamon v. Texas</u>, 563 U.S. 277, 284 (2011). For example, Congress often conditions participation in federal spending programs on a waiver of sovereign immunity. <u>See</u> <u>Madison</u>, 474 F.3d at 124. A state may waive its immunity by participating in such programs, so long as Congress has expressed "a clear intent to condition participation . . . on a State's consent to waive its constitutional immunity." <u>Litman v. George Mason Univ.</u>, 186 F.3d 544, 550 (4th Cir. 1999) (internal quotation marks and citation omitted). Relevant to the Title IX claim in this case, Congress explicitly stated that a state shall not be immune from suit in federal court for violation of Title IX of the Education Amendments of 1972 in the Civil Rights Remedies Equalization Act of 1986 ("CRREA") 42 U.S.C. § 2000d-7(a)(1). In other words, in exercising its spending power and authorizing federal education funds to state agencies, the federal government "condition[s] an offer of federal funding on a promise by the recipient not to discriminate." <u>Gebser v. Lago Vistalindep. Sch. Dist.</u>, 524, U.S. 274, 286 (1998). It also conditions these funds on the recipient state's consent to be sued in federal court for an alleged breach of the promise not to discriminate. <u>See</u> 42 U.S.C. § 2000d–7(a)(1). Thus, an arm of the state, through its acceptance of Title IX funding, waives its Eleventh Amendment immunity as to claims brought pursuant to Title IX. <u>Litman</u>, 186 F.3d at 557.

JA025

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 8, 2024**
**Charleston, South Carolina**

AO 450 (SCD 04/2010)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| E.R., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Beaufort County School District, | ) |
| *Defendant* | ) |

Civil Action No.    9:22-cv-04482-DCN

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❏ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($__), which includes prejudgment interest at the rate of ____ %, plus postjudgment interest at the rate of ____ %, along with costs.

❏ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

■ other: Plaintiff, E.R., shall take nothing of Defendant, Beaufort County School District, as to the complaint filed pursuant to 28 U.S.C. § 1332 and this action is dismissed.

This action was *(check one)*:

❏ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

❏ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

■ decided by the Honorable David C. Norton, United States District Judge, presiding.

Date:   July 9, 2024                    *ROBIN L. BLUME, CLERK OF COURT*

                                                      s/H.Cornwell
                                        _____
                                            *Signature of Clerk or Deputy Clerk*

JA027

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DVISION**

| | | |
|---|---|---|
| **E.R.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BEAUFORT COUNTY SCHOOL** | ) | **Case No. 9:22-cv-04482-DCN** |
| **DISTRICT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**NOTICE OF APPEAL**</u>

      Notice is hereby given that Plaintiff E.R. appeals to the United States Court of Appeals for

the Fourth Circuit from the final judgment entered on July 9, 2024 (ECF No. 33) and the order

granting Defendant's motion to dismiss entered on July 8, 2024 (ECF No. 32).

Respectfully submitted,

Dated:   August 2, 2024          The Law Offices of Joshua E. Slavin, LLC

                                      <u>/s/Josh Slavin</u>
                                        PO Box 762, Mount Pleasant, SC 29465
                                        Phone: 843-619-7338
                                        Fax: 888-246-8914
                                        Email: josh@attorneycarolina.com
                                        Fed. Bar No. 12602

                                        *Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua Slavin, hereby certify that on this 29th day of July, 2024, I filed the foregoing

motion with the Court's CM/ECF system, which sends notification to all counsel of record.

Dated: July 29, 2024                          <u>/s/ Josh Slavin</u>
                                                              Joshua Slavin

JA029